# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE NAVEJER, Jr. and
ANDREA NAVEJER,

                Debtors-Appellants,

                                                                                       **Case No. 07-C-654**

    -vs-

THOMAS J. KING, Chapter 13
Standing Trustee,

                Appellee.

# DECISION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court, Case No. 2007-21976-PP. The appellants, Jesse Navejer and Andrea Navejer (the "Navejers"), filed a bankruptcy petition under Chapter 13. The proposed Chapter 13 Plan expressly excluded the Navejers' expected tax refunds for the entire term of the plan. The Trustee objected and the bankruptcy court sustained the objection. On appeal, this Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The issues before the Court are legal issues, so the Court conducts a *de novo* review. *See In re Excalibur Auto Corp.*, 859 F.2d 454, 457 n.3 (7th Cir. 1988). For the reasons that follow, the Navejers' appeal is denied.

Chapter 13 allows debtors to keep most if not all of their property in exchange for the dedication of future income to a plan to pay creditors. *See In re Fischer*, 203 B.R. 958, 959-60 (N.D. Ill. 1997). The debtor in Chapter 13 must file a plan that meets certain requirements and seek confirmation of the plan by the bankruptcy court. *See* 11 U.S.C.

§1325. After completing the plan, the debtor receives a discharge of the debts provided for by the plan. *See* § 1328(a).

When a debtor's plan draws objection, the debtor must dedicate projected disposable income to the plan. *See* 11 U.S.C. § 1325(b)(1)(B). Chapter 13 defines disposable income as monthly income less amounts reasonably to be expended for maintenance and support of the debtor or the debtors' dependents and miscellaneous other deductions. *See* 11 U.S.C. § 1325(b)(2). Bankruptcy courts generally consider income tax refunds to be disposable income for purposes of Chapter 13. *See, e.g., In re Freeman*, 86 F.3d 478 (6th Cir. 1996). In some districts, the entire amount of the debtors' tax refund comes into the plan as disposable income. *See, e.g., In re Risher*, 344 B.R. 833 (Bankr. W.D. Ky. 2006). In this district, the long-standing practice is to include half of the debtors' tax refund in the plan. This is done in recognition of the fact that unexpected expenses may arise during the course of the plan. *See In re Walls*, Case No. 06-21228 at 17 n.8 (E.D. Wis. April 10, 2007) (Docket No. 8, Exhibit B); *In re Kirsch*, Case No. 07-20338 at 11 (E.D. Wis. August 13, 2007) (Docket No. 10-2).

The Navejers included the following statement in their proposed plan: "Debtors will not be required to contribute ½ half of their tax refunds as they are necessary for the support and maintenance of the debtor, the debtor's spouse, and the debtor's dependents." Pursuant to *Walls* and *Kirsch*, the bankruptcy court rejected the Navejers' attempts to exclude tax refunds from their plan: "blanket language allowing the debtor to retain the entirety of any and all tax refunds . . . received over the life of a plan [violates] the provisions of §

-2-

Case 2:07-cv-00654-RTR   Filed 10/22/07   Page 2 of 5   Document 14

1325(b)(1)(B)." (*Kirsch*, Docket No. 10-2 at 2). Accordingly, the bankruptcy court sustained the Trustee's objection.

The Navejers argue that their yearly income tax refund is not "projected disposable income" because they need the money to meet their monthly expenses. Specifically, the Navejers' proposed plan indicates that the only way they can meet their monthly expenses is to use one twelfth of their tax refund money each month. Accordingly, the Navejers argue that in their circumstances, no portion of their tax refund can be considered "projected disposable income."

However, bankruptcy courts in this and other districts maintain that tax refunds must be considered "disposable income" because of the manner in which they are received. As Judge Pepper wrote in *Kirsch*:

> Debtors incur many necessary expenses, such as food, rent, mortgage payments, utilities and so forth, monthly. Most debtors are paid by their employers weekly, bi-weekly or monthly. As they incur necessary expenses, then, the income that they receive from their employers is available to pay those necessary expenses. Without that money, the debtor would be hard-pressed to survive.
>
> Tax refund money is not available weekly, bi-weekly or monthly. Tax refund money appears once a year, in a lump sum. In most instances, therefore, it cannot be money that the debtor depends on each month to buy food, or pay the rent, or pay the electric bill. It cannot be money without which the debtor would be hard-pressed to survive. Indeed, if it is a refund that results from over-withholding, it almost has to be money that the debtor does not rely on for daily subsistence, because it is money that the debtor could access (by reducing the amount of withholding), but does not.

(Docket No. 10-2, *Kirsch* at 7-8). In this light, tax refunds generally cannot be considered necessary for the maintenance and support of the debtor, no matter how the debtor arranges his finances.

This is not to say that tax refunds are never necessary for maintenance and support. Obviously, unexpected expenses arise in the course of everyday life due to unusual circumstances. But such circumstances are accounted for, at least in this judicial district, by allowing the debtor to keep half of his tax refund. To the extent that this allowance is inadequate, the debtor can petition the trustee and ultimately the court to allow him to keep the remainder of his tax refund for a particular year.

Moreover, the Chapter 13 debtor is subject to a repayment plan that generally lasts three or five years. Over the course of time, the debtor's information becomes dated and, in all likelihood, eventually does not reflect the reality of the debtor's financial situation. In this context, it would be odd to presume from the outset that the debtor will *always* need his tax refund for maintenance and support. Obviously, the debtor is in a far better position to know when his circumstances require the full amount of his tax refund over the term of the plan. Placing the burden on the trustee to demonstrate to the contrary is counterintuitive.

This arrangement does not contradict the plain language of the bankruptcy code. It only rejects a debtor's attempts to keep his tax refund out of a Chapter 13 plan for the entire duration of the plan based on his financial circumstances at the onset of the plan. As discussed above, the debtor is not precluded from keeping the entire amount of a future yearly tax refund if he can demonstrate that it is necessary for maintenance and support.

-4-

Therefore, under Chapter 13, debtors are allowed to live according to their monthly income and required to dedicate projected disposable income to the plan. Then, once a year, they receive a tax refund and in this judicial district are allowed to keep half of their refund. What the Navejers take issue with is the inherent presumption in this process that their tax refund (or at least half of it) is disposable income. The Court agrees with the bankruptcy courts in this and other districts that this is an appropriate presumption.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Navejers' appeal is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2007.

                                    **SO ORDERED,**

                                    s/ Rudolph T. Randa
                                    **HON. RUDOLPH T. RANDA**
                                    **Chief Judge**